## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| HECTOR V. ESCALANTE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:10-cv-00370 |
| | ) | |
| v. | ) | By: Michael F. Urbanski |
| | ) | United States Magistrate Judge |
| BRYAN B. WATSON, | ) | |
|     Respondent. | ) | **O R D E R** |

Hector V. Escalante, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Inasmuch as the petition does not conform to all requirements for prisoner actions as promulgated under Rule 3 of the Rules Governing Section 2254 Cases, it is now

**O R D E R E D**

as follows:

(1) The petition shall be conditionally filed pending satisfaction of the requirements set forth herein;

(2) The petitioner is hereby assessed a filing fee of $5.00 pursuant to 28 U.S.C. §1914(a).

(3) Upon review of petitioner's application to proceed in forma pauperis, the court determines that petitioner has sufficient funds to pay the $5.00 filing fee. Accordingly, the application to proceed in forma pauperis (Docket No. 2) shall be and hereby is **DENIED** at this time and petitioner is hereby directed to execute the enclosed consent to withholding of fees from petitioner's inmate account. FAILURE TO RETURN THE ATTACHED CONSENT FORM TO THE COURT **OR** TO PAY THE $5.00 FILING FEE WITHIN **TEN (10) DAYS** SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.

(4) Petitioner is hereby advised that the petition appears to be untimely under 28 U.S.C. § 2244(d)(1)(A).[1] However, petitioner may be able to prove that the petition should be deemed

---

[1] The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

timely. Before dismissing his petition for untimeliness, the court will allow petitioner an opportunity to demonstrate that he has satisfied this requirement. Petitioner is hereby directed to submit to the court within **ten (10) days** from entry of this order the following information: any additional argument or evidence petitioner desires to present concerning the timeliness of his § 2254 petition under § 2244(d). According to petitioner's pleadings and state court records provided by petitioner and found online, judgment was entered against Escalante in the Pittsylvania County Circuit Court on October 10, 2007. Escalante appealed and the Court of Appeals of Virginia denied his appeal on August 19, 2008. Escalante pursued his appeal to the Supreme Court of Virginia which denied his appeal on December 18, 2008. Escalante did not file a petition for writ of certiorari to the Supreme Court of the United States. Escalante then filed a state habeas corpus petition in the Pittsylvania County Circuit Court on September 14, 2009, which was dismissed on December 5, 2009. Escalante appealed that denial and the Supreme Court of Virginia refused the appeal on July 27, 2010, because the appeal was not perfected in the manner provided by law. If Escalante has evidence contradicting these dates or state court's grounds for dismissal, he must submit that evidence within the time allotted, otherwise, the court will assume the information as stated above to be accurate.

**FAILURE TO COMPLY WITH THE CONDITIONS SET FORTH IN THIS PARAGRAPH MAY RESULT IN DISMISSAL OF THE PETITION.**

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). Section § 2244(d)(2) provides that periods of time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1).

(5) Once the petitioner has complied with the conditions in Paragraph (2), the Clerk shall attempt service of process of the petition in the usual manner on the respondents. In the event that the court does not determine that the petition must be summarily dismissed as untimely filed, respondent may still present arguments that the petition should be dismissed as untimely filed.

(6) The respondent shall file responsive pleadings within thirty (30) days of receipt of service.

(7) Following filing of responsive pleadings, petitioner shall be provided twenty (20) days in which to file a response and/or additional pleadings unless petitioner or respondent explicitly requests additional time for additional filings, the case will be considered ripe for disposition twenty (20) days after filing of respondent's responsive pleadings.

(8) Petitioner shall notify the Court immediately upon petitioner's transfer or release and shall provide a new address. **FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE WILL RESULT IN DISMISSAL OF THIS ACTION.**

(9) Petitioner is advised that he/she must include the above referenced case number in any document that petitioner submits to the court related to this action. All submissions must be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document submitted to the court, pursuant to Standing Order dated November 1, 2004, petitioner must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). **SUBMISSIONS THAT DO NOT COMPLY WITH THIS PARAGRAPH MAY BE RETURNED TO PETITIONER WITHOUT BEING ENTERED BY THE COURT.**

(10) In accordance with the Standing Order of Court entered March 11, 2010, all non-dispositive matters in this case are referred to the Hon. Michael F. Urbanski, United States Magistrate Judge (See Appendix).

The Clerk is directed to send a certified copy of this Order and Appendix to the petitioner.

Entered: August 19, 2010.

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

IN RE:     HANDLING OF PRISONER CASES AND CUSTODY OF PRISONERS

STANDING ORDER NO. 2010-5

(a)    **Additional Procedures for Pro Se Prisoner Civil Rights Cases.**  Pursuant to the Civil Justice Expense and Delay Reduction Plan for the Western District of Virginia, as adopted November 1, 1993, special procedures are established in this district for the processing of pro se prisoner civil rights cases in order to reduce the costs and expenses borne by the Court and by the parties in the litigation of such cases.  Accordingly, the Court may direct a party or parties in a prisoner civil rights case to file a motion for summary judgment supported by affidavits.  Failure to comply with such an order in an appropriate case may result in the imposition of sanctions including but not limited to motion preclusion at trial.

(b)    **Filing and Processing Prisoner Civil Rights Cases and Petitions for Writs of Habeas Corpus.**  Pursuant to the authority of 28 U.S.C. § 636(b)(1)(A) and in furtherance of a more centralized system for processing pro se prisoner civil rights cases and petitions for writs of habeas corpus, all such cases will be routinely referred to a United States magistrate judge of this Court for purposes of consideration and ruling as to any and all nondispositive, pretrial matters and motions as may arise.  For purposes of this Rule, the terms pro se "prisoner civil rights cases" and "petitions for writs of habeas corpus" are deemed to include the following: (1) civil rights complaints filed pursuant to 42 U.S.C. § 1983; (2) civil rights complaints filed pursuant to 28 U.S.C. § 1331 (Bivens actions); (3) habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 (federal habeas); (4) habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 (state habeas); (5) habeas corpus petitions filed pursuant to 28 U.S.C. § 2255 (federal habeas).

(c)     **Transportation of Prisoner-Witnesses by Law Enforcement Agents.** All federal law enforcement agents, including deputized federal task force officers, with the concurrence of the United States Marshals Service, are authorized to transport prisoner-witnesses to and from the United States Marshals Service holding cells within the Western District of Virginia for interview by the United States Attorney's Attorney, or his designee, as needed, and to take the prisoner-witness to the office of the federal agents having this temporary custody of the prisoner-witness for the interview.  The federal law enforcement agents who are moving the prisoner-witnesses must remain with the prisoner-witnesses at all times until the prisoner-witnesses are returned to the custody of the United States Marshal. The United States Attorney's Office must give proper advanced notice to the United States Marshals Service so that the prisoner will be available in the holding cell. The law enforcement agents taking custody of the prisoner-witnesses will sign a receipt at the time of taking custody of the prisoner-witness from the United States Marshals Service. At no time will the leg restraints be removed from the prisoner outside of the holding cells. A minimum of two law enforcement agents, one of whom must be a federal law enforcement agent or deputized federal task force officer, must accompany each prisoner at all times.

(d)     **Temporary Custody of Inmates by U.S. Marshal.**  The United States Marshal for the Western District of Virginia must, upon receipt of an appropriate order from a circuit court of the Commonwealth of Virginia, entered pursuant to the Agreement of Temporary Custody dated November 10, 1975, by and between the Attorney General of Virginia and the United States Attorney for the Western District of Virginia, approved by this Court on December 19, 1975, and the purposes stated therein, temporarily relinquish federal custody of named individuals to appropriate officials of the Commonwealth of Virginia.

It is so **ORDERED**.

                                          For the Court:
                                          ENTER: March 11, 2010

                                          /s/ JAMES P. JONES
                                          Chief United States District Judge

**INMATE CONSENT FOR WITHHOLDING OF PAY**
**FOR ASSESSED FILING FEE**

| | | |
|---|---|---|
| **HECTOR V. ESCALANTE,** | ) | |
|     Petitioner, | ) | Civil Action No. 7:10-cv-00370 |
| | ) | |
| v. | ) | |
| | ) | |
| **BRYAN B. WATSON,** | ) | |
|     Respondent. | ) | **CONSENT TO FEE** |

I, **Hector V. Escalante**, hereby consent for the appropriate prison officials to withhold from my prison account the filing fee of **$5.00** dollars or if not possible to collect the $5.00 in full initially, to collect on a continuing basis each month, an amount equal to 20% of each prior month's income, until such time as the filing fee of $5.00 has been collected in full.  Upon collection, the Trust Officer shall forward the payment to the Clerk's Office, U. S. District Court, P. O. Box 1234, Roanoke, VA  24006, until such time as the fees are paid in full. By executing this document, I also authorize withholding of any amount of costs, sanctions, and/or fees which may be imposed by the Court as a result of or during this litigation.

_____
SIGNATURE OF PETITIONER

(For Trust Accounts Officer Use)

| BALANCE DUE (Not to exceed $5.00) | AMOUNT WITHHELD | MONTH WITHHELD | PRIOR MONTHS INCOME |
|---|---|---|---|
| $5.00 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |