CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 3 1 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **HECTOR VASQUEZ ESCALANTE,** | ) | **Civil Action No. 7:10-cv-00370** |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By: Samuel G. Wilson** |
| **WARDEN BRYAN B. WATSON,** | ) | **United States District Judge** |
| **Respondent.** | ) | |

Petitioner Hector Vasquez Escalante, a Virginia inmate proceeding pro se, filed this petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 convictions and

sentence in the Pittsylvania County Circuit Court. Escalante alleges that his Fifth Amendment right

against self-incrimination was violated, that his due process rights were violated, and that counsel

provided ineffective assistance. The court finds that Escalante's petition is untimely and that there

are no grounds for equitable tolling. Therefore, the court dismisses his petition.

**I.**

On October 10, 2007, the Pittsyvania County Circuit Court entered judgment against

Escalante, convicting him of robbery, abduction, murder, malicious bodily injury, and three counts

of use of a firearm during the commission of a felony. Escalante appealed and the Court of Appeals

of Virginia denied his appeal on August 19, 2008.  Escalante filed a petition for appeal to the

Supreme Court of Virginia, which the court refused on December 18, 2008.  Escalante did not file

a petition for writ of certiorari to the Supreme Court of the United States.  However, Escalante then

filed a state habeas corpus petition in the Pittsylvania County Circuit Court on September 14, 2009,

which was dismissed December 15, 2009.  Escalante appealed the denial of his habeas petition to

the Supreme Court of Virginia, which the court refused on July 27, 2010 because the appeal "was

not perfected in the manner provided by law, as the assignments of error do not address the circuit

court's rulings . . . ."[1] Escalante filed his federal habeas petition in this court on August 16, 2010. The court conditionally filed his petition, advised him that the petition appeared to be untimely, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] In this case, the statute of limitations began to run on March 18, 2009, when Escalante's conviction became final. However, the time during which a "properly filed" state habeas petition is pending is not counted toward the period of limitation.[3] 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations

---

[1] Virginia Supreme Court Rule 5:17(c) requires that a petition for appeal include a list of the specific errors in the ruling below, upon which the appellant intends to rely, under a separate heading entitled "Assignments of Error." Va. Sup. Ct. Rule 5:17(c). Without such a list and heading, the petition does not meet the required form of the petition for appeal.

[2] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

| (A) | the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; |
|---|---|
| (B) | the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; |
| (C) | the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
| (D) | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |

28 U.S.C. § 2244(d)(1)(A - D). Here, Escalante has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Escalante's conviction became final on March 18, 2009, 90 days after the Supreme Court of Virginia refused his appeal and when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

[3] An application is "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a "properly filed" application; it is merely a "pending" application that does not toll the

clock stopped running on September 14, 2009, after approximately 180 days, when Escalante filed his state habeas petition in the Pittsylvania County Circuit Court. The clock then began to run again when the circuit court dismissed Escalante's habeas petition on December 15, 2009. Although Escalante did appeal the circuit court's dismissal to the Supreme Court of Virginia, it was refused because the appeal was "not perfected in the manner provided by law" and, thus, was not "properly filed."[4] Inasmuch as the appeal was not "properly filed," it did not toll the statute of limitations. Escalante filed this federal habeas petition on August 16, 2010, approximately 244 days after the Pittsylvania County Circuit Court dismissed his habeas petition. Therefore, the time clock on Escalante's statute of limitations ran for a total of approximately 424 days before he filed his federal habeas petition. Accordingly, Escalante's petition is time-barred unless he demonstrates grounds for equitable tolling.[5] Despite being given the opportunity to amend his petition, Escalante makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Escalante has not demonstrated any grounds for equitable tolling and thus, his petition is

---

limitation period. Id. at 9.

[4] Escalante's state habeas appeal was not "properly filed" because it did not contain a list of errors. See Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (finding that petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c) and noting that the time the appeal was pending, accordingly, would be excluded in determining whether his petition was time barred under § 2244(d)(1)); see also Egan v. Johnson, No. 7:07cv509, 2008 U.S. Dist. LEXIS 35585 (W.D. Va. Apr. 30, 2008); McCray v. Johnson, No. 2:04-cv-728, 2007 U.S. Dist. LEXIS 75349, 2007 WL 2892625 (E.D. Va. Sept. 28, 2007).

[5] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

dismissed as untimely filed.[6]

## III.

For the reasons stated, the court dismisses Escalante's petition as untimely.

**ENTER:** This 31st day of August, 2010.

_____
United States District Judge

_____

[6] Moreover, even if Escalante's petition was not untimely filed, it would nevertheless fail. The United States Court of Appeals for the Fourth Circuit has recognized that a petitioner's failure to comply with the requirements of Va. Sup. Ct. R. 5:17(c) constitutes an independent and adequate state law ground that precludes federal habeas review of any non-compliant claim. See Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999); Yeatts v. Angelone, 166 F.3d 255, 264 (4th Cir. 1999). Consequently, Escalante's claims are procedurally defaulted and may not be reviewed by this court absent a showing of cause and prejudice or actual innocence. Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999). Escalante has not alleged any cause or prejudice to excuse his default and thus, his claims are barred from review by this court.